## INHABITANTS OF CHICOPEE *vs.* INHABITANTS OF WHATELY.

Insanity occurring after a person has become an inhabitant of a town will not prevent his acquiring a settlement, under Rev. Sts. c. 45, § 1, cl. 12, by living therein ten years consecutively.

The rule that a domicil once acquired is presumed to continue until a subsequent change is shown applies to cases of settlement.

CONTRACT to recover for supplies furnished to Roland Graves, a pauper.

At the trial in the superior court, before *Putnam*, J., it appeared that Graves formerly had his settlement in Whately, but removed to Chicopee about thirty years ago, and the defendants contended that he had acquired a settlement in Chicopee, under Rev. Sts. *c.* 45, § 1, *cl.* 12, by living there for ten consecutive years and paying taxes for five of those years. The evidence as to his residence in Chicopee was conflicting. There was also evidence tending to show that Graves was insane at the commencement and during the whole of his residence in Chicopee; but the defendants contended that, if insane at all, his insanity did not commence until after his removal there. The plaintiffs asked the court to instruct the jury that if Graves did become insane before the completion of ten years' residence in Chicopee, and remained insane thereafter, he could not acquire a settlement there, although he might not have been insane at the time of his removal. The judge refused so to rule, and instructed the jury that if he, being capable of choosing a residence, went to Chicopee with intent to reside there, the domicil thus acquired in Chicopee would not be changed or suspended if he afterwards became insane, and that such insanity would not prevent his gaining a settlement, provided the jury found the other facts necessary to constitute a settlement; and that if they were satisfied that he acquired a domicil in Chicopee, such domicil must be presumed to continue unless a subsequent change was proved.

The jury returned a verdict for the defendants, and the plaintiffs alleged exceptions.

*G. M. Stearns*, for the plaintiffs, cited *Buckland* v. *Charlemont*, 3 Pick. 173; *Jennison* v. *Hapgood*, 10 Pick. 77; *Sears* v. *Boston*, 1 Met. 250; *Worcester* v. *Wilbraham*, 13 Gray, 589.

*G. T. Davis*, for the defendants, cited *Gardiner* v. *Farmingdale*, 45 Maine, 537; *New Vineyard* v. *Harpswell*, 33 Maine, 193.

CHAPMAN, J. The defence rests on the ground that Graves, whose original settlement was in Whately, abandoned his domicil in that town, and acquired a settlement in Chicopee under Rev. Sts. *c.* 45, § 1, *cl.* 12.

After his domicil was thus changed, his mere insanity would

not destroy or affect it. It would be presumed to continue till a change was proved. The elementary rule, that a state of things once shown to exist is presumed to continue till a change is proved, was properly held to apply to this case.

It is objected that the statute requires ten years of voluntary residence, and that while insanity exists there is no legal power of choice. But we do not understand the statute to require anything more than a legal domicil within the town which shall exist for the space of ten years; and this is a question of fact to be determined in conformity with the ordinary rules of evidence. *Exceptions overruled.*